UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
ISRAEL GARCIA VELEZ and LISA VONGNARATH,   :
:
Plaintiffs,   :
-v-   :   25-CV-1412 (JMF)
:
LSL LOGISTICS LLC and CESAR OMAR ORTIZ   :   ORDER
ORTIZ,   :
:
:
Defendants.   :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On February 19, 2025, Defendants filed a Notice of Removal in which they invoked the Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1, at 5. On February 24, 2025, the Court issued an order noting deficiencies in the Notice of Removal and ordering Defendants to file an amended notice on or before March 10, 2025. *See* ECF No. 5. On March 6, 2025, Defendants filed an Amended Notice of Removal. *See* ECF No. 8.

Although Defendants' Amended Notice of Removal cures one deficiency in the original Notice, it still fails to properly allege the citizenship of Defendant LSL Logistics LLC. As the Court noted in its February 24, 2025 Order, a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No.

07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). Defendants' unsupported statement that "upon information and belief, the LLC members [of LSL Logistics LLC] are not citizens of the states in which the removing party is a citizen" does not satisfy this requirement. Moreover, there is no basis to allege only "upon information and belief" where, as here, the LLC is the removing party.

The Court will give Defendants one last chance to address these issues. Accordingly, it is hereby ORDERED that, on or before **March 10, 2025**, Defendants shall amend their Notice of Removal to allege the citizenship of each constituent person or entity comprising LSL Logistics LLC (including the state of incorporation and principal place of business of any corporate entity member). If, by that date, Defendants are unable to amend their Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, County of Bronx, without further notice to either party.

SO ORDERED.

Dated: March 7, 2025  
      New York, New York

                                                        JESSE M. FURMAN  
                                                 United States District Judge